IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOVAERUS GROUP LIMITED,<br><br>*Plaintiff,*<br><br>v.<br><br>AIRMANAGER TECHNOLOGIES LLC,<br><br>*Defendant.* | Civil Action No. 3:14-cv-2030<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Novaerus Group Limited ("Novaerus" or "Plaintiff") for its Complaint against defendant Airmanager Technologies LLC ("Airmanager" or "Defendant"), alleges as follows:

### PARTIES

1. Novaerus is a company organized under the laws of England and Wales, Company Reg. No. 07582460, with its principal place of business at Citibase Brighton, 95 Ditchling Road, Brighton, BN1 4ST England.

2. Novaerus offers innovative air treatment products that sterilize the air. Novaerus' patented plasma technology destroys airborne bacteria, mold, allergens, pathogens, and odors, creating healthier environments and significantly reducing the risk of infections in hospitals and other healthcare facilities.

3. Upon information and belief, defendant Airmanager Technologies LLC is a Texas limited liability company with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas 75201. Upon information and belief, Airmanager manufacturers, imports, offers, and sells air cleaning products.

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq.*

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over defendant Airmanager because it is organized under the laws of Texas, because it is located in this District, and because it has transacted and is transacting business in this District, which business includes the sale of products that infringe Novaerus' exclusive patent rights.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), because defendant Airmanager has its regular, established, and principal place of business in this District, and because a substantial part of its infringing conduct occurred in this District.

## NOVAERUS OWNS U.S. PATENT NO. 8,211,374

8. On or about July 3, 2012, United States Patent No. 8,211,374, entitled "Air Cleaning Device" ("the '374 Patent"), was duly and legally issued by the United States Patent and Trademark Office. The '374 Patent is valid and subsisting. A true and accurate copy of the '374 Patent is attached hereto as **Exhibit A**.

9. Novaerus holds exclusive rights in and to the '374 Patent in all fields of use other than the maritime and aerospace sectors, for which it has granted licenses (the "Novaerus Fields of Use"). Novaerus' Fields of Use are also subject to a narrow exception relating to bespoke solutions for UK entities that is not relevant here.

10. For purposes of the licenses, "maritime sector" is limited to "the field of merchant, naval, and leisure shipping and boating, irrespective of size or means of propulsion, and off-shore platforms including parts, accessories, sub-assemblies, and operating environments for the same, and including facilities designed or used for the operation and management of shipping and boating and off-shore platforms, and including all aspects of sale, lease, hire, supply, support, and maintenance of the same including dry-docking and other refit activities."

11. Similarly, for purposes of the licenses, "aerospace sector" is limited to "all branches of civil and military aircraft (both heavier-than-air, lighter-than-air, and hybrid) irrespective of means of propulsion, including parts, accessories, sub-assemblies and operating environments for the same and including facilities designed or used for the operation and management of aircraft and including all aspects of sale. lease, hire, supply, support, and maintenance."

12. Novaerus itself practices the '374 Patent in the Novaerus Fields of Use, directly and through its affiliates and licensees, by making, importing, and selling products that incorporate the inventions and technology disclosed by the patent, particularly in the healthcare sector.

**DEFENDANT IS INFRINGING THE '374 PATENT**

13. Novaerus recently learned that defendant Airmanager offers products that embody and practice the inventions claimed by the '374 Patent, including within the Novaerus Fields of Use.

14. For instance, Airmanager offers infringing products targeted at the healthcare industry. *See, e.g.*, http://airmanagertechnologies.com/Healthcare.html:



15. Airmanager also promotes and offers infringing products for the agricultural sector. *See* http://airmanagertechnologies.com/Agriculture.html:



16.     Similarly, Airmanager promotes and offers infringing products that are targeted at the fire and rescue sector.  *See* http://airmanagertechnologies.com/FireandRescue.html:



17.     Defendant's infringing products are generally referred to as "AIRMANAGER Units," although they apparently are configured differently for different applications.  For instance, according to its website and marketing materials, defendant Airmanager offers ambulance-mounted units, HVAC-installed units, ammonia reduction systems for agricultural applications, and sub-surface ceiling mounted units for healthcare facilities.

18.     Airmanager has no right or authorization to offer these infringing products, and therefore it is infringing Novaerus' exclusive rights in the '374 Patent within the Novaerus Fields of Use.

**COMPLAINT FOR PATENT INFRINGEMENT**                                                                 **Page 5**

19. Novaerus has notified defendant Airmanager of Novaerus' exclusive rights under the '374 Patent. Nevertheless, defendant Airmanager continues to promote, market, and sell infringing products, and thereby infringes the '374 Patent willfully.

20. Upon information and belief, Defendant will continue to infringe Novaerus' rights in the '374 Patent unless the Court enjoins such conduct.

## COUNT ONE:  INFRINGEMENT OF '374 PATENT

21. Novaerus re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20.

22. By the conduct described above, defendant Airmanager has infringed and continues to infringe one or more claims of the '374 Patent, either directly or by inducing or contributing to others' infringement.

23. Pursuant to 35 U.S.C. § 287(a), Novaerus has provided defendant Airmanager with notice of its exclusive rights under the '374 Patent. Defendant's continuing infringement of the '374 Patent is willful and deliberate.

24. As a result of defendant Airmanager's infringing activities, Novaerus has suffered monetary damages in an amount to be proved at trial.

25. In addition, Airmanager's infringement of the '374 Patent is ongoing. Unless restrained and enjoined by the Court, Airmanager will continue to infringe the '374 Patent, causing Novaerus irreparable harm.

## JURY DEMAND

26. Plaintiff demands a jury trial on all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For entry of judgment by this Court that Airmanager, its officers, agents, servants, employees, representatives, attorneys and all persons acting in active concert or participation with Defendant, have infringed the '374 Patent, either directly or by contributing to or inducing others' infringement;

2. For entry of an order by this Court enjoining and restraining Airmanager, its officers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with Defendant, from making, using, selling, or offering for sale any infringing products or colorable imitations or otherwise infringing the '374 Patent;

3. For entry of judgment by this Court awarding damages under 35 U.S.C. § 284 to compensate Novaerus for Airmanager's past, continuing, or future infringement of '374 Patent through the date such judgment is entered, including: (a) an accounting of all infringing acts; (b) treble damages for the exceptional case of Defendant's willful infringement under 35 U.S.C. § 284; and (c) Novaerus' costs and attorneys' fees, plus interest, incurred in prosecuting this action under 35 U.S.C. § 285;

4. For entry of an order requiring Airmanager to surrender or destroy, within ten days from the entry of any final judgment or preliminary decree: (a) any and all products and property that infringes the '374 Patents (b) any and all product literature in Airmanager's possession, custody, or control concerning the infringing products owns or possesses which unlawfully violates the '374 Patent; and (c) all other works owned by Defendant that infringe the '374 Patent;

5. Such other and further relief as the Court deems just and proper.

Dated:  June 4, 2014　　　　　　　　　Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:　*/s/ Christopher M. Joe*
　　　Christopher M. Joe
　　　State Bar No. 00787770
　　　Chris.Joe@BJCIPLaw.com

　　　1700 Pacific Avenue, Suite 4750
　　　Dallas, Texas 75201
　　　Telephone:　(214) 466-1272
　　　Facsimile:　(214) 635-1828

**BROWN RUDNICK LLP**

　　　Edward J. Naughton
　　　enaughton@brownrudnick.com

　　　One Financial Center
　　　Boston, Massachusetts  02111
　　　Telephone:　(617) 856-8200
　　　Facsimile:　(627) 856-8302

**ATTORNEYS FOR PLAINTIFF NOVAERUS GROUP LIMITED**